08-20007.oa

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-20007-CIV-ALTONAGA-BROWN

VINCENT F. POST, JR.,

    Plaintiff,

vs.

GREAT FLORIDA BANK,

    Defendant.
_____/

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

**THIS MATTER** is before the Court on Defendant''s Motion for Protective Order ..., filed April 28, 2008(D.E. 46). The Court has considered the motion, the response[1], the reply, and all pertinent materials in the file.

The Court rejects the purported legal basis for the relief sought herein. Defendant would, in essence, like this Court to grant injunctive relief in this case based upon a simple motion addressing an agreement (confidentiality agreement) that is not even a part of the litigation. To the extent that this Court could consider same, defendant has not mildly approached, much less shown by evidence, that it is entitled to this relief. Elements must be satisfied for injunctive relief to lie.

In order to be entitled to injunctive relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the moving party outweighs the harm an injunction may cause the non-moving party; and (4) that the injunction would not disserve the public interest. See

---

[1] The response actually is addressed to two motions. In the future each motion shall be responded to separately.

1

e.g. American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); Café 207 v. St. Johns County, 989 F.2d 1136, 1137 (11th Cir. 1993). No effort has been made to meet this burden.

To the extent this motion seeks to compel the production of these materials based on plaintiff's testimony, this Court finds that testimony flimsy, at best. This is particularly unavailing because there is no claim in the motion that the document request originally made sought "all original documents that are property of defendant in plaintiff's possession".

Therefore, and the Court being otherwise fully advised in the premises, it is hereby Ordered and Adjudged that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of May, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Cecilia M. Altonaga
      Counsel of record